UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| JAMES FAULDS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CV-2057 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### OPINION

This case is before the court for ruling on Plaintiff's Motion to Dismiss and Motion to Request Court to Waive Filing Fee (#5). Following careful review of the applicable case law, Plaintiff's Motion (#5) is GRANTED in part and DENIED in part.

### BACKGROUND

On March 2, 2009, Plaintiff, James Faulds, Jr., filed a Motion to Compel Court to Order Return of Property in his criminal case, Case No. 07-CR-20004. Plaintiff stated that he was seeking the return of certain property seized by the Government. Plaintiff cited Rule 41(g) of the Federal Rules of Criminal Procedure as a basis for his motion. On March 3, 2009, this court entered an Order which stated that, pursuant to the Seventh Circuit's Opinion in United States v. Stevens, 500 F.3d 625 (7th Cir. 2007), the clerk was directed to file his Motion as a civil case subject to the provisions of the Prison Litigation Reform Act of 1995 (PLRA). As a result, this case was opened as a civil case and Plaintiff's Motion seeking return of his property (#2) was filed in the civil case. On March 25, 2009, Plaintiff filed a Motion for Leave to Proceed in forma pauperis (#3). On March 27, 2009, Plaintiff's Motion (#3) was granted by text order. Plaintiff was assessed an initial partial filing fee of $23.17. In addition, the agency having custody of Plaintiff was directed to make

monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the filing fee of $350.00 was paid in full. Plaintiff did not object to the text order assessing the filing fee or ask that the case be dismissed at that time.

On September 3, 2009, Plaintiff filed his Motion to Dismiss and Motion to Request Court to Waive Filing Fee (#5). Plaintiff stated that the Government had returned most of the property Plaintiff had sought in his motion. Plaintiff stated that, because "the Government had returned all property requested that it intends to return," he moved to dismiss his motion. Plaintiff also stated that no filing fee should have been assessed because he has been found indigent. Plaintiff argued that it was a contradiction to find him indigent and then impose a filing fee on him.

ANALYSIS

The Seventh Circuit has held that a Rule 41(g) motion for the return of property "is a civil action for purposes of the PLRA, and thus subject to the PLRA's provisions." Stevens, 500 F.3d at 629, citing United States v. Howell, 354 F.3d 693, 695 (7th Cir. 2004). Therefore, based upon Seventh Circuit precedent, when a prisoner files a motion for return of property, it must be filed as a civil action. See United States v. Belton, 2007 WL 3046254, at *2 (E.D. Wis. 2007). In addition, it is clear that the civil case is subject to the PLRA. See Belton, 2007 WL 3046254, at *2. The PLRA provides that a prisoner seeking to bring a civil action without prepayment of fees must file an affidavit and a certified copy of his trust fund account statement. 28 U.S.C. § 1915(a). The PLRA further provides that "[n]otwithstanding subsection (a), if a prisoner brings a civil action . . ., the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); see also Belton, 2007 WL 3046254, at *2 (pursuant to the PLRA, a prisoner must pay the full filing fee for a civil action). The statute provides that the court shall assess and, when funds exist, collect, an

initial partial filing fee and then require the prisoner to make monthly payments of 20% of the preceding month's income credited to the prisoner's account until the full filing fee is paid. 28 U.S.C. § 1915(b)(1),(2); see also Belton, 2007 WL 3046254, at *2.

In this case, this court has complied with Seventh Circuit precedent in filing Plaintiff's request for the return of his property as a civil case subject to the PLRA. See Stevens, 500 F.3d at 629; Howell, 354 F.3d at 695. This court has also complied with the PLRA in requiring Plaintiff to make payments until the full filing fee is paid. See 28 U.S.C. § 1915(b)(1),(2). Because this case is subject to the PLRA, this court has no authority to waive the filing fee.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Dismiss and Motion to Request Court to Waive Filing Fee (#5) is GRANTED in part and DENIED in part.

(2) For the reasons stated in this Opinion, Plaintiff's request that this court waive the filing fee is DENIED.

(3) Plaintiff's request that this case be dismissed is GRANTED.

(4) This case is terminated.

ENTERED this   9th   day of September, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE